IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **SHE-DARIA LATISHA OWENS-SHARP,** § § § | |
| Petitioner, § § | |
| v. § § | Civil No. **3:24-CV-723-L-BK** |
| § | Criminal No. 3:20-CR-544-L-1 |
| **UNITED STATES OF AMERICA,** § § | |
| Respondent. § | |

## ORDER

On June 6, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 33) was entered, recommending that the court dismiss with prejudice this habeas action, brought pursuant to 28 U.S.C. § 2255, and all claims by Petitioner for ineffective assistance of counsel, as well as Petitioner's claims based on her assertions that: (1) she lacked the actus reus and mens rea that were necessary to convict her of wire fraud, (2) the court "illegally" applied the position-of-trust enhancement and erred in calculating her base offense level and the restitution amount, and (3) the magistrate judge lacked the authority to accept her guilty plea. The magistrate judge concluded that the latter claims are waived, procedurally barred, and meritless, and the ineffective assistance of counsel claims fail to meet the legal standard applicable to such claims. To date, the court has not received any objections to the Report, and the deadline for filing objections has expired.

Having considered Petitioner's section 2255 motion, the file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses with prejudice** this action and all claims asserted by Petitioner.

**Order – Page 1**

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In support of this determination, the court **accepts** and **incorporates by reference** the Report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 11th day of July, 2025.

Sam A. Lindsay
United States District Judge

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

    (a)    Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

    (b)    Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 2**